982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Samijo K. SHOELS, Petitioner-Appellant,
v.
Jack COWLEY; Attorney General of The State of Oklahoma,
Respondents-Appellees.
 No. 92-6321.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1992.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Shoels, proceeding pro se, appeals the denial of habeas corpus relief.
 
 
 3
 Mr. Shoels was convicted in the State of Oklahoma for possession of a controlled dangerous substance on February 27, 1992. On August 13, 1992, Mr. Shoels filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. This petition revealed Mr. Shoels was in the process of appealing his conviction and sentence to the Oklahoma Court of Criminal Appeals. The petition asserts deprivation of Mr. Shoels' right to a speedy trial; illegal search and seizure; lack of jurisdiction; improper enhancement of his sentence by using unconstitutional prior convictions; and running of the statute of limitations. Significantly the petition contained no factual allegations showing an undue delay in his state appeal.
 
 
 4
 The district court concluded Mr. Shoels had failed to exhaust his state remedies and dismissed the habeas corpus petition without prejudice.
 
 
 5
 Mr. Shoels appeals this judgment rearguing his habeas corpus petition. These arguments merit no discussion at this time.
 
 
 6
 In his appeal, Mr. Shoels asserts, for the first time, that the Oklahoma Court of Criminal Appeals is backlogged and he would finish serving his sentence (twenty-five years) by the time Oklahoma would decide his appeal.
 
 
 7
 This court cannot hear and decide an issue which is raised for the first time on appeal. The reason for this rule is the significant facts must be laid out before the trial court. This court cannot conduct a trial and thus determine the facts.
 
 
 8
 Mr. Shoels may have a claim under Harris v. Champion, 938 F.2d 1062 (10th Cir.1991). It is clear, however, that Mr. Shoels alleged no claim under Harris v. Champion before the district court, which precludes him from alleging such a claim at this time.
 
 
 9
 Mr. Shoels should realize the district court dismissed his pro se habeas corpus action without prejudice, which means that Mr. Shoels may again file it. Mr. Shoels should also realize that if he again files the results will be the same unless he alleges facts which will bring him under the Harris v. Champion exception to the exhaustion rule. Mr. Shoels would be well advised to contact counsel handling the Harris v. Champion litigation.
 
 
 10
 On the facts contained in the record on appeal it is clear that Mr. Shoels has failed to exhaust his state remedies and to allege facts at the district court level that justify his inclusion in the Harris v. Champion exception to the exhaustion requirements. The judgment of the district court should be AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3